*J. R. Botts, for appellant.*
*Apperson & Reid, for appellee.*

---

GEO. CARPENTER *v.* L. D. GOODE.

**Pleadings—Answer—Negative of Averments—Burden of Proof.**

The burden of proof is on the defendant where his answer contains negative averments. Held, That the knowledge of what is alleged, if the averments are negative, is with the defendant and not the plaintiff. By throwing the burden of proof on the party bringing the action he is required to prove, that, which is impossible for him to do. There is, however, a class of cases where, although the averments are negative, in their

character, the proof or the evidence sustaining the averment is not only within the knowledge of the plaintiff, but as susceptible of proof by him as by the defendant.

APPEAL FROM BOYLE CIRCUIT COURT.

January 12, 1872.

RESPONSE TO PETITION FOR REHEARING BY JUDGE PRYOR:

The labored argument of counsel for the appellant in his petition for a rehearing, and the zeal manifested in behalf of his client's cause, has induced this court to make response. In the consideration of a *case, however insignificant,* the amount involved may be, this court, even in the hurry of business, would be inexcusable in failing to notice a legal question so often decided, and so well understood, and made so prominent by the record, as the question involved in this case, and which, the attention of the court has been again called by the able, but misapplied argument made by counsel in his petition. The original and amended petition presented a cause of action about which there is no question. The object we supposed, in filing the amended petition, was to make the charges more specific, and the breaches of the contract more perfect. The allegations of the amended petition were intended to supply the statements contained in the original, and all, the allegations of this amendment were by the consent of parties traversed upon the record. The answer to the original petition also denies all the allegations of the original petition and concludes with the statement *"that the defendant has fully complied with his obligation in every particular."*

A plea of non infregit conventioram was had at common law, and in cases to which such a plea is now applicable, it is clearly defective. If in consideration of a horse delivered, I promise to pay A one hundred dollars, in pleading I must present a defense that shows payment, or some release or discharge originating after the agreement to pay. So if A agrees to deliver a horse upon a certain day, upon a consideration paid, we must either aver a delivery, or allege specially a state of facts releasing him from his obligation, or as in the case of Barret vs. Crutcher, 3 Bibb, to which the attention of the court has been called, where a party by his writing obligatory, agreed to pay, or deliver to

Hesper Mensher, a likely negro man, it was certainly bad pleading to deny, that he had violated his contract, without alleging a delivery, and in the case of Harrison vs.. Park, 1 J. J. Marshall, an analogous state of facts is presented. In all the cases above given, no plea except that of *non est factum* can well be pleaded without placing the burden of proof on the defendant, for the reason, that it is not within the power of the plaintiff, to prove these negative averments. The knowledge of what is alleged, is with the defendant, and not the plaintiff and by throwing the burden of proof on the party bringing the action, you required him to prove, that, which is impossible for him to prove, as for instance, that the defendant failed to pay him the money, or that the defendant failed to deliver him the negro and in all such cases, the affirmative of the proposition is upon the party whose duty it is to comply. There are a class, however, occurring in every day practice, and the learned counsel, no doubt, engaged in them constantly, where, although the averments are negative, in their character, the proof or the evidence sustaining the averment, is not only within the knowledge of the plaintiff, but as susceptible of proof by him as by the defendant. A, by his writing, sells to B, his horse, and warrants it sound. B brings his action on the covenant and alleges that at the time of the sale, and execution of the covenant the horse was unsound. A denies that he was unsound at the time, &c., but avers that he was then sound. Upon submission of the cause to a jury without proof the verdict must be for the defendant, upon the supposition and for the reason (although the averment is negative in its character) that it is as susceptible of proof by the plaintiff as the defendant. So, in regard to the warranty of soundness, in any other property.

In this case the defendant denies that he failed to dig up the briars, he denies that he failed to put up the rails. He denies that he failed to cut the iron weeds; he denies that he wasted the timber or failed to cultivate the land in a husband like manner, and alleges that he has complied with his covenant in every particular, or in other words, by traverse on the record, denies all of plaintiff's allegations. Now, if in this case the burden of proof is on the defendant, either on the original answer or the traverse, he must prove first, that he has committed no damage by hauling over the plaintiff's land in bad weather, that he has cut no timber; that he has put up all the

fencing; cut all the briars, and iron weeds before he is allowed to know that evidence may be adduced against him by reason of the alleged breaches of the covenant. These allegations are all susceptible of proof by the plaintiff, and the burden was on him to show a violation of the covenant. He could prove (and it was as much within his power as the defendant) that the briars were not cut. The fencing left in bad condition, and the timber wasted, and looking to the legal ability of appellant's counsel the court would not indulge too much in presumption by determining that the plaintiff assumed the burden of proof in the court below. Upon the whole proof we are inclined to think as recited in the opinion already delivered, that the plaintiff was entitled to mere nominal damages and the petition is therefore overruled.

*VanWinkle,* for appellant.
*Durham & Jacobs,* for appellee.